**No. 60134.**—Quon Quon Company *v.* United States, protest 138980–K (Los Angeles).

JOHNSON, Judge:   This is a protest against the collector's assessment of duty on merchandise, described on the invoice as white pottery figures, at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, under the provision for china, porcelain, and other vitrified wares, painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware.   Several claims are made in the protest, but the one relied upon is that the merchandise is properly dutiable at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of said tariff act, under the provision for earthenware and crockery ware composed of a nonvitrified absorbent body, including statues, statuettes, and all other articles composed of such ware, painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner.

The pertinent provisions of the tariff act are as follows:

PAR. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware, * * * painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 70 per centum ad valorem. * * *

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, * * * including * * * statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware; * * * painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

At the trial, there was received in evidence a figure representative of the merchandise designated as item 539 on the invoice covered by the entry involved herein and described thereon as "White Pottery Figures 12½"." A request was made and granted that the exhibit be submitted to the United States Customs Laboratory in New York to determine whether it was vitrified or not.

At a subsequent hearing, the laboratory report of the analysis made was introduced into evidence. It states:

The sample has a nonvitrified, absorbent body. In our opinion, it is porous and nonvitreous and has been fired at a temperature too low to vitrify it.

Counsel for the plaintiff then stated:

MISS SHOSTAK: I offer to stipulate with Government counsel that the figure analyzed is representative of all of the items described on the invoice as white pottery figures and that the white pottery figures described by the examiner in red ink on the invoice as decorated china are composed of the same material as the sample subjected to analysis and that they have a non-vitrified absorbent body.

MR. SPECTOR: So agreed.

MISS SHOSTAK: Plaintiff abandons all of its claims in its protest as amended except the claim in its original protest that the merchandise is properly dutiable at 50 percent ad valorem and 10 cents per dozen pieces under paragraph 211 under the provision for earthenware and crockery ware composed of a non-vitrified absorbent body and all articles composed of such ware.

In view of this stipulation, which is accepted as an agreed statement of facts, we hold that the items of merchandise described on the invoice herein as white pottery figures and described thereon by the examiner as decorated china are properly dutiable at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930 as decorated earthenware articles composed of a nonvitrified absorbent body.

To that extent, the protest is sustained. As to all other items and in all other respects, the protest is overruled. Judgment will be rendered accordingly.